## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| ARJUNA M. ZERR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| WPX ENERGY WILLISTON, LLC, | ) | Civil No. 1:15-cv-033 |
| a Delaware Limited Liability Company; | ) | |
| HURRICANE AIR & SWABBING SERVICES, | ) | |
| LLC, a New Mexico Limited Liability Company, | ) | |
| WELLSITE SOLUTIONS INC., a New Mexico | ) | |
| Corporation, IVAN A. WEBSTER, an Individual, | ) | |
| and IVAN A. WEBSTER LLC, a Colorado | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING RULE 35 EXAMINATIONS

Before the Court is the Stipulation Regarding Defendants' Joint Motion for Rule 35 Examination of Plaintiff. The substance of the Stipulation is to permit three professionals to conduct examinations of Plaintiff Arjuna M. Zerr in accordance with the provisions of Rule 35(a)(2), Federal Rules of Civil Procedure. Upon reviewing the Stipulation and being fully advised in this matter, IT IS HEREBY ORDERED that

1.      Plaintiff Arjuna M. Zerr shall be examined, pursuant to Rule 35, Fed.R.Civ.P., by the following three professionals

      a.      Dr. Brent Van Dorsten, a clinical psychologist;

      b.      Dr. Robert Kleinman, a psychiatrist; and

c. Ms. Margot Burns, a vocational rehabilitation analyst and life care planner.

2. The examinations shall be conducted in accord with the following requirements and conditions:

a. The examination by Dr. Van Dorsten shall take place at his office at 4600 South Syracuse, Denver, Colorado 80237 on March 1, 2017, commencing at 10:00 a.m. Mountain Time. The examination, excluding any breaks, will not exceed six (6) hours and will consist of an interview lasting approximately two (2) hours and administration of six (6) tests that will take approximately three (3) hours. Dr. Van Dorsten shall allow Mr. Zerr reasonable breaks at approximately hourly intervals and shall also permit Mr. Zerr to have a reasonable break for lunch.

b. The examination by Dr. Kleinman shall take place at his office at 1658 Cole Boulevard, Suite 295, Lakewood, Colorado 80401 on February 28, 2017, commencing at 3:00 p.m. Mountain Time. The examination, excluding any breaks, will not exceed three (3) hours and will consist exclusively of an interview by Dr. Kleinman. No testing will be undertaken. Dr. Kleinman shall allow Mr. Zerr reasonable breaks at approximately hourly intervals.

c. The examination by Ms. Burns shall take place at her office at 1221 South Clarkson Street, Suite 222, Denver, Colorado 80210 on March 2, 2017, commencing at 10:00 a.m. Mountain Time. The examination, excluding any breaks, will not exceed three (3) hours and will consist exclusively of an interview by Ms. Burns and the administration of one (1) test, an interest test. Ms. Burns shall allow Mr. Zerr reasonable breaks at approximately hourly intervals.

d.      Attorney Robert P. Schuster or some representative of his law firm or the Maring Williams law firm (the representative) shall be permitted to accompany Mr. Zerr to each of the examinations.  Dr. Van Dorsten, Dr. Kleinman, and Ms. Burns shall make reasonable space available in their respective offices for the representative while the examination is being conducted.  The representative shall be permitted to be in the examination room only before the examination commences and then for the sole purpose of ascertaining that the recording equipment allowed by this Order has been properly set up and that the placement of the microphones will permit proper recording of the examination.

e.      The entirety of each of the examinations will be audio recorded, from beginning to end, including all interviewing, testing, and discussion.  The parties shall agree to the selection of a professional recorder and that person or company shall be permitted to set up the recording equipment prior to the commencement of the examination.  Microphones shall be placed in position where---in the professional's judgment---the voices of the examiner and Mr. Zerr will be properly and adequately recorded.  Dr. Van Dorsten, Dr. Kleinman, and Ms. Burns shall conduct the examinations in a space that reasonably allows the examination to take place and for all aspects of the examination (interviewing, discussion, and any testing) to be recorded without interruption, pause, or other discontinuation of the recording process and without alteration of the recording conditions as set up by the professional.  Dr. Van Dorsten shall permit the professional, if in the professional's opinion it is necessary, to check the equipment and the adequacy of the recording approximately half way through the examination

and at a point that Dr. Van Dorsten believes would not interfere with the progress of the examination. Plaintiff's counsel shall be responsible for paying the charges of the professional chosen to do the recording. At the conclusion of the examinations, the professional will make copies of the recording available to any parties to the litigation at their separate expense. All copies of the recordings shall be subject to the terms of the protective order that has been entered in this case.

f.     Dr. Van Dorsten and Ms. Burns shall produce the following documents relevant to the examinations conducted by them or their offices: (a) all raw testing data, (b) all diagrams, drawings, illustrations, or writings made by Mr. Zerr, (c) all scoring sheets, and (d) all printed profiles or results from any testing. The term "raw testing data" shall include all raw and scaled scores, responses to test questions or stimuli, and all notes or memorializations made by the examiner concerning Mr. Zerr's statements, responses, or behavior. The documents shall be produced to Attorney Lisa M. Six who shall then produce the documents to plaintiff's counsel within ten (10) days of the examinations. The documents shall be subject to the protective order entered in this case.

g.     Dr. Van Dorsten and Ms. Burns---at the time they submit their Rule 26 reports---shall identify the specific version of the scoring manual that they used to score any of the tests administered during their examinations.

h.     Dr. Kleinman, Dr. Van Dorsten, and Ms. Burns shall not attempt to obtain, and shall not inquire regarding, any information involving any communications between Mr. Zerr and his attorneys.

i.  The Defendants shall reimburse Robert P. Schuster, P.C., for Mr. Zerr's roundtrip airfare as well as the cost of Mr. Zerr's hotel room, his meals, and cab fare from the Denver airport.

Dated this 23rd day of February, 2017.

_____
Charles S. Miller, Jr., Magistrate Judge
United States District Court